999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin P. SCUDDER, Plaintiff-Appellant,
v.
Earl O. SMITH, Franklin County Sheriff; Mark J. Barrett,
Chief Deputy Sheriff; Franklin County Correction
Center, Defendants-Appellees.
 No. 92-4127.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 Before JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Kevin P. Scudder, a prisoner currently incarcerated at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, moves for counsel on appeal from a district court award of summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. Scudder has also filed a motion to require oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Scudder filed a pro se civil rights complaint against Franklin County Sheriff Earl O. Smith, Chief Deputy Sheriff Mark J. Barrett, and the Franklin County Correction Center (FCCC), alleging that during 1989 and 1990, while incarcerated at FCCC on five different occasions ranging from as little as five days to periods of months, the conditions and events during these stays at FCCC violated his constitutional rights to due process, equal protection, and access to the courts. Specifically, he alleged: 1) that his eyeglasses were stolen as a result of FCCC's failure to provide inmates with lock boxes; 2) that FCCC is inaccessible to handicapped inmates; and 3) that FCCC does not have a law library so indigent inmates are denied their right of access to the courts. Scudder sought monetary and injunctive relief. The defendants filed a motion for summary judgment, and Scudder responded. The district court granted summary judgment for the defendants. On appeal, Scudder reasserts his claims and further argues that summary judgment was premature because he had not been allowed to complete discovery.
 
 
 3
 Upon review, we affirm the district court judgment as there are no genuine issues as to any material fact and the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 First, there is no direct causal relationship between the FCCC decision not to provide lock boxes and the theft of Scudder's glasses. Perhaps the boxes would have prevented the loss, but their absence did not cause the loss. Cf. Cameron v. City of Pontiac, Mich., 813 F.2d 782, 786 (6th Cir.1987). Further, the guards' failure to patrol the halls, as they are required to do, bespeaks of mere negligence which does not implicate due process concerns. Daniels v. Williams, 474 U.S. 327, 333-36 (1986); Jones v. Sherrill, 827 F.2d 1102, 1106 (6th Cir.1987). Additionally, the alleged deprivation was random and unauthorized because the defendants were not in a position to anticipate the deprivation and give Scudder pre-deprivation notice, see Zinermon v. Burch, 494 U.S. 113, 136-38 (1990), and Scudder has failed to show that his state court remedies were inadequate to redress his wrong. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Vicory v. Walton, 721 F.2d 1062, 1065-66 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984).
 
 
 5
 Second, the claim for equitable relief is moot because Scudder was transferred from FCCC to a different correctional facility and is no longer subjected to the conditions at FCCC. Moreover, his claim does not fall within the exception to the mootness doctrine for matters "capable of repetition, yet evading review." See Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975) (per curiam). Scudder's assertions that it is possible that he could return to FCCC at any time during the course of his criminal appeal is too speculative to meet the requirement for making a reasonable showing that he will again be subjected to the conditions at FCCC. See Murphy v. Hunt, 455 U.S. 478, 482-83 (1982) (per curiam). Moreover, the defendants were entitled to judgment as a matter of law insofar as Scudder sought damages relative to his handicap access claim. The Rehabilitation Act of 1973, 29 U.S.C. § 794, does not apply to involuntary incarceration. See Brauner v. McConnell, No. C 84-0652-L(B), (W.D.Ky. March 25, 1986) (unpublished), aff'd, 815 F.2d 701 (6th Cir.), and cert. denied, 484 U.S. 952 (1987).
 
 
 6
 Third, because the district court correctly treated the claim regarding the alleged loss of Scudder's eyeglasses as a state law claim, the defendant's failure to provide a law library did not impede Scudder's access to the court. John L. v. Adams, 969 F.2d 228, 235-37 (6th Cir.1992).
 
 
 7
 Finally, the district court did not abuse its discretion by not allowing Scudder to complete discovery prior to entry of summary judgment. See Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989). Moreover, there was no evidence that discovery would have disclosed disputed material facts in support of Scudder's claims. See Chilingirian v. Boris, 882 F.2d 200, 203 (6th Cir.1989).
 
 
 8
 Accordingly, the motion for counsel is denied, the motion to require oral argument is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.